## IN RE: CHARLES R. BOBO PATENT LITIGATION.

### MDL No. 2297.

United States Judicial Panel on Multidistrict Litigation.

Dec. 13, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, and CHARLES R. BREYER, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** \* Pursuant to 28 U.S.C. § 1407, defendants Facebook, Inc.,

---

\* Judge Marjorie O. Rendell took no part in the decision of this matter.

and LinkedIn Corporation seek centralization of seven actions pending in two districts as listed on Schedule A.[1] Moving defendants seek centralization in the Central District of California.

Defendants E*TRADE Financial Corporation and E*TRADE Bank join in the motion. Defendants Charter Communications, Inc., Comcast Corp. and EasyLink Services International Corp. support the motion. Defendants Open Text Corp. and Captaris, Inc., join in the motion but ask the Panel to exclude claims, defenses and issues that relate to patents unrelated to the Bobo patents in the Central District of California action in which they are named as defendants. Defendants and counterclaimants Fax87.com, Farjad Fani, and Matt Johnson Finance Inc. support the motion. Third-party defendant Vitelity, Inc., supports the motion.

Defendant Verizon Data Services LLC (Verizon) opposes the motion; in the alternative, Verizon requests separation and remand of the claims against Verizon in the Eastern District of Texas action.

Plaintiffs in the Central District of California actions—j2 Global Communications, Inc., and Advanced Messaging Technologies, Inc.—oppose the motion; if the Panel orders centralization over their objections, these plaintiffs support centralization in the Central District of California. Plaintiff in the Eastern District of Texas action, Unified Messaging Solutions LLC, also opposes the motion.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. Plaintiffs in the

actions before the Panel have asserted patents relating to computer-based messaging products and services against an array of defendants. The patents involved include six patents naming Charles R. Bobo as an inventor. One of the earlier patents in the Bobo family is U.S. Patent No. 6,350,066 ('066 patent), which has been asserted in the six Central District of California actions. Five later-issued patents in the Bobo family—U.S. Patent Nos. 6,857,074; 7,836,141; 7,895,306; 7,895,313; and 7,934,148—are asserted in the Eastern District of Texas action.

The two actions in the Eastern District of Texas involve patents, defendants and a plaintiff different from those in the actions pending in the Central District of California, and the cases in each district are at different stages in the proceedings. Moreover, the Central District of California actions involve other patents that are not part of the same patent family. Although the patents at issue in the Eastern District of Texas action are in the same family as the '066 patent at issue in the Central District of California actions, the proponents of centralization have not convinced us that there is enough commonality to make centralization necessary or even advantageous. *See, e.g., In re: ArrivalStar S.A. Fleet Mgmt. Systems Patent Litig.,* 802 F.Supp.2d 1378, 1378–79, 2011 WL 3563000, at *1 (J.P.M.L. Aug. 9, 2011) (denying centralization of nineteen actions involving allegations of infringement or invalidity of one or more of sixteen patents in a common family of patents).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

**1.** In addition to the actions encompassed by the motion, the parties have notified the Panel of a second action filed in the Eastern District of Texas.

## SCHEDULE A

**MDL No. 2297 — IN RE: CHARLES R. BOBO PATENT LITIGATION**

*Central District of California*

*j2 Global Communications, Inc. v. Captaris Inc.,* C.A. No. 2:09–04150

*COA Network, Inc. v. j2 Global Communications, Inc.,* C.A. No. 2:10–05010

*j2 Global Communications, Inc., et al. v. Fax87.com, et al.,* C.A. No. 2:11–02618

*Advanced Messaging Technologies, Inc. v. EasyLink Services International Corporation,* C.A. No. 2:11–04239

*j2 Global Communications, Inc., et al. v. RingCentral, Inc.,* C.A. No. 2:11–04686

*j2 Global Communications, Inc., et al. v. Nextiva, Inc.,* C.A. No. 2:11–06450

*Eastern District of Texas*

*Unified Messaging Solutions LLC v. Facebook, Inc., et al.,* C.A. No. 6:11–00120