SARAH S. VANCE, Chair
Before the Panel:* Patentholder Realtime Adaptive Streaming LLC moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the District of Colorado or the Eastern District of Texas. This litigation consists of twelve actions, pending in five districts, as listed on Schedule A.[1] All responding defendants oppose centralization and, alternatively, support centralization in the Northern District of California,[2] where no *1375 case involving the patents at issue in these cases is currently pending. Certain defendants alternatively support centralization in the Central District of California[3] or the District of Colorado.[4]
On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. At issue in this litigation are eight patents owned by Realtime: U.S. Patent Nos. 7,386,046 ; 8,867,610 ; 8,929,442 ; 8,934,535 ; 9,762,907 ; 9,769,477 ; 8,634,462 ; and 9,578,298. These patents relate to data compression and purport to increase the rate at which data can be stored and accessed. Despite any facts shared among the actions, Realtime has failed to demonstrate "that there is enough commonality to make centralization necessary or even advantageous." In re: Charles R. Bobo Patent Litig. , 829 F.Supp.2d 1374, 1375 (J.P.M.L. 2011).
We are persuaded by defendants that the efficiency benefits of litigating these eight patents from three different patent families before a single judge are insufficient to justify centralization. Defendants provide a wide range of services or products that are accused of infringement: video streaming services, tablet computers, televisions, television peripherals, MP3 players, digital and film cameras, media servers, home theater projectors, security cameras, camcorders, DVD-players, video game consoles, projectors, in-car receivers, and teleconferencing systems. Each defendant is accused of infringing a varying number of Realtime patents. As discussed at oral argument, the number of claim terms already at issue in the more advanced actions is substantial. Realtime argues that the accused products all implement certain industry standards regarding digital data compression (e.g. , H.264, H.265), which we have held in the past weighs in favor of centralization.[5] But defendants note that those standards include purely optional features that each defendant may or may not have implemented and allow for individual design elements that Realtime will have to address on a defendant-by-defendant basis. Finally, as we learned at oral argument, several other cases alleging infringement of different data compression patents held by Realtime's parent corporation have proceeded separately before several district judges in the Northern District of California since the initial case was filed in 2015. This suggests that a similar, decentralized approach may be workable in these cases.
Though we are denying centralization, we encourage the parties to cooperate on common matters where practicable. Counsel and the involved judges can coordinate to reduce duplicative discovery of common witnesses or, perhaps, sequence the interpretation of any common claim terms. Several other alternatives to formal centralization also are available to the parties, should the need arise. See, e.g. , In re: Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig. , 446 F.Supp. 242, 244 (J.P.M.L. 1978) ; see also MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.14 (2004).
IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.
*1376 SCHEDULE A
MDL No. 2845 - IN RE: REALTIME ADAPTIVE STREAMING LLC PATENT LITIGATION
Central District of California
REALTIME ADAPTIVE STREAMING LLC v. HULU, LLC, C.A. No. 2:17-07611
District of Colorado
REALTIME ADAPTIVE STREAMING LLC v. SLING TV LLC, ET AL., C.A. No. 1:17-02097
REALTIME ADAPTIVE STREAMING LLC v. POLYCOM, INC., C.A. No. 1:17-02692
REALTIME ADAPTIVE STREAMING LLC v. APPLE INC., C.A. No. 1:17-02869
District of Delaware
REALTIME ADAPTIVE STREAMING LLC v. BRIGHTCOVE, INC., ET AL., C.A. No. 1:17-01519
REALTIME ADAPTIVE STREAMING LLC v. HAIVISION NETWORK VIDEO INC., C.A. No. 1:17-01520
REALTIME ADAPTIVE STREAMING LLC v. NETFLIX, INC., ET AL., C.A. No. 1:17-01692
REALTIME ADAPTIVE STREAMING LLC v. SONY ELECTRONICS, INC., C.A. No. 1:17-01693
District of Massachusetts
REALTIME ADAPTIVE STREAMING LLC v. ADOBE SYSTEMS INC., C.A. No. 1:18-10355
Eastern District of Texas
REALTIME ADAPTIVE STREAMING LLC v. AMAZON.COM, INC., ET AL., C.A. No. 6:17-00549
REALTIME ADAPTIVE STREAMING LLC v. CISCO SYSTEMS, INC., C.A. No. 6:17-00591
REALTIME ADAPTIVE STREAMING LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL., C.A. No. 6:18-00113

Judges Charles R. Breyer and Lewis A. Kaplan took no part in the decision of this matter.

The Panel was notified of eleven pending potentially related actions pending in three districts.

Adobe Systems Inc.; Advanced Micro Devices, Inc.; Apple Inc.; Amazon Digital Services, LLC, and Amazon.com, Inc.; Avaya Inc.; Brightcove Holdings, Inc., Brightcove Inc.; Cisco Systems, Inc.; Cox Communications, Inc.; DISH Technologies L.L.C, Dish Network L.L.C.; Google LLC; Haivision KB Inc., Haivision Network Video Corp., Haivision Network Video Inc.; Hulu, LLC; Intel Corp.; Netflix Streaming Services, Inc., and Netflix, Inc.; Sony Electronics, Inc., Samsung Electronics America, Inc., Samsung Electronics Co., Ltd.; Sling Media Inc. (nka Sling Media, L.L.C.), Sling Media, L.L.C., and Sling TV L.L.C; Wowza Media Systems, LLC; and YouTube, LLC.

Adobe, Amazon, Apple, Brightcove, Cisco, Haivison, Hulu, Netflix, Sony and Wowza.

Arris Group, Inc.

See, e.g., In re: Rembrandt Techs., LP, Patent Litig. , 493 F.Supp.2d 1367, 1369 (J.P.M.L. 2007) (centralizing cases involving "allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting" infringes certain patents).